IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **RONALD SATISH EMRIT,** | ) |
| Plaintiff, | )<br>)<br>) |
| v. | )   No. 23-cv-2575-SHL-tmp |
| **THE GRAMMY AWARDS ON CBS,** | )<br>)<br>) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Before the court is *pro se* plaintiff Ronald Satish Emrit's complaint. (ECF No. 1.)[1] Because Emrit is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons below, the undersigned recommends that Emrit's complaint be dismissed.

**I.   PROPOSED FINDINGS OF FACT**

On September 11, 2023, Emrit filed his *pro se* complaint against defendants Grammy Awards on CBS ("the Grammys"). (ECF No. 1.) His complaint alleges, among other things, that he was racially discriminated against by the Grammys because his membership has not been reinstated. In explaining the nature of the case, he simply lists several celebrities, describing them as "very sick."

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned for management of all pretrial matters for determination or report and recommendation, as appropriate.

(Id. at PageID 1–2.) He claims that the Grammys has "public relations problems" because of the treatment of him compared to these named celebrities. (Id. at PageID 2.)

## II.  PROPOSED CONCLUSIONS OF LAW

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). "Under § 1915(e)(2)(B), the Court has the discretion to refuse to accept allegations in a complaint that are 'clearly baseless,' a term encompassing claims that may be described as 'fanciful, fantastic, delusional, wholly incredible, or irrational.'" Smith v. Walbridge Constr., No. 1:23-cv-02108, 2023 WL 5827272, at *2 (W.D. Tenn. Aug. 21, 2023) (quoting Bumpas v. Corr. Corp. of America, No. 3:10-1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing Denton v. Hernandez, 504 U.S. 25, 32–33 (1992))). Further, the "court may, at any time, sua sponte, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Id. (quoting Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)).

This complaint warrants a *sua sponte* dismissal. Emrit claims that the Grammys have a public relations problem by supporting certain celebrities whom he claims are "very sick" while simply claiming that he was discriminated against because of his race. (ECF No. 1 at PageID 1–2, 5.) His complaint confusingly makes reference to a Ukrainian fiancé whom he wanted to bring to the awards ceremony, his presidential candidacy, and class action lawsuits against the National Football League and the former owner of the Washington Commanders. (Id. at PageID 5.) On its face, this complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion." Smith, 2023 WL 5827272, at *2. Therefore, due to the inflammatory and frivolous nature of the allegations, the undersigned finds that this complaint should be dismissed.

### III. RECOMMENDATION

Based on the above, the undersigned recommends that the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 27, 2023

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**