# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE GRAMMY AWARDS ON CBS, d/b/a THE RECORDING ACADEMY/NATIONAL ACADEMY OF RECORDING ARTS AND SCIENCES (NARAS), | ) No. 2:23-cv-02575-SHL-tmp |
|     Defendant. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

Before the Court is Chief Magistrate Judge Tu Pham's Report and Recommendation ("R&R"), entered on September 27, 2023, recommending that the Court dismiss Plaintiff Ronald Satish Emrit's pro se Complaint (ECF No. 1), as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). (ECF No. 8 at PageID 27.)

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). Parties can file objections to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

The R&R was entered on September 27, 2023. (ECF No. 8.) Plaintiff Ronald Satish Emrit initiated an improper interlocutory appeal to the Sixth Circuit on October 10, 2023, during his original fourteen-day window to object to the R&R. (ECF No. 9.) That appeal was dismissed on November 30, 2023, because the Sixth Circuit does not have jurisdiction to review a magistrate judge's R&R before any action has been taken on said R&R by the district court. (ECF No. 11.)

More than fourteen days have now passed since the Sixth Circuit's dismissal, in addition to the original fourteen-day window that Mr. Emrit had after being served with the R&R, and Mr. Emrit has not filed any objections to the R&R. Even if the Court were to construe Mr. Emrit's appeal as an objection, the appeal offers no actual objections. (ECF No. 9.)

Since no objections have been filed, the Court reviews the R&R in its entirety for clear error and finds none. The R&R properly describes how Mr. Emrit's Complaint is "delusional, wholly incredible . . . frivolous, [and] devoid of merit." (ECF No. 8 at PageID 26) (citations omitted). Because Mr. Emrit is proceeding in forma pauperis, he is subject to the screening requirements of 28 U.S.C. § 1915 (e)(2)(B)(i), which necessitate dismissal of frivolous complaints. Therefore, the Court **ADOPTS** the Magistrate Judge's R&R and **DISMISSES** Mr. Emrit's Complaint.

**IT IS SO ORDERED**, this 3rd day of January, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE